UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEREMIAH ROBINSON,

    Plaintiff,

v.                                               Case No:   2:14-cv-528-FtM-38CM

ANYTIME RENTALS, INC., and
KEVIN DUBBERLY,

    Defendants.
_____/

## ORDER[1]

This matter is before the Court on Defendants Anytime Rentals, Inc. and Kevin Dubberly's Motion to Compel Arbitration and Stay Proceedings Pending Arbitration (Doc. #14) filed on October 15, 2014.  Plaintiff Jeremiah Robinson filed a Response to Defendant's Motion to Compel (Doc. #19) on November 24, 2014.  This motion is now ripe for review.

In January 2013, Defendants hired Plaintiff as an independent contractor, and the parties supposedly executed a written independent contractor agreement.  (Doc. #1 at ¶ 18).  Plaintiff worked for Defendants until they fired him in or around March 2014.  (Doc. #1 at ¶ 23).  After Defendant fired Plaintiff, Plaintiff commenced this action on September 8, 2014, seeking unpaid overtime compensations under the Fair Labor Standards Act.  (Doc. #1).  According to Plaintiff, Defendants misclassified him as an independent contractor and unlawfully denied him overtime wages. (Doc. #1).

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

In response to Plaintiff's Complaint, Defendants have moved to compel arbitration pursuant to the alleged arbitration clause in the parties' independent contractor agreement and the Federal Arbitration Act. ([Doc. #14 at 1-2](#)). Defendants aver, among other things, that the alleged independent contractor agreement mandates that the parties arbitrate Plaintiff's overtime compensation claim. ([Doc. #14 at 2](#)). Plaintiff, however, asserts Defendant's Motion fails because they did not provide the written arbitration agreement to prove that Plaintiff agreed to such arbitration. ([Doc. #19](#)). Plaintiff also argues that Defendants failed to comply with Middle District of Florida Local Rule 3.01(g) because they did not include a certificate of good faith conferral with opposing counsel before filing the instant Motion. ([Doc. #19](#)).

Having carefully reviewed the parties' papers, the Court will deny Defendants' Motion to Compel Arbitration at this time. The Court begins by noting the obvious—Defendants failed to provide a signed, written agreement to arbitrate anything. See [Turner v. U-Haul Co. of Fla. 905, LLC, No. 6:08-cv-118, 2008 WL 709107, at *2 (M.D. Fla. Mar. 14, 2008)](#) ("[T]here is no evidence of the only thing that is absolutely crucial to a motion to compel arbitration under either state or federal law: a *written agreement to arbitrate* (emphasis in original)); see also [Barkley v. Pizza Hut of America, Inc., No. 6:14-cv-376, 2014 WL 3908197, at *4 (M.D. Fla. Aug. 11, 2014)](#) ("The Court simply will not order [p]laintiffs to arbitrate when there is essentially zero evidence that they ever even saw, let alone assented to, an arbitration agreement."). Defendants simply cannot prevail in their bid to compel arbitration of Plaintiff's claim without having provided the Court the arbitration agreement that the parties executed. See [Barkley, 2014 WL 3908197, at *2](#) ("'[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. A court therefore may only order parties to arbitration when it is satisfied that the making of the agreement for arbitration . . . is not in issue" (internal quotations and citations omitted)). If Defendants supply the relevant written

2

arbitration agreement, then Plaintiff can address the substantive deficiencies of any purported agreement.[2]  Because Defendants' Motion to Compel (Doc. #14) is deficient on its face, the Court denies it without prejudice.

Moreover, Plaintiff correctly points out that Defendants have run afoul of Middle District of Florida Local Rule 3.01(g) in that they did not certify their good faith to confer with opposing counsel in an effort to resolve the issue raised in the instant Motion.  See M.D. Fla. Local R. 3.01(g).  This is further grounds for the Court to deny Defendants' Motion to Compel (Doc. #14).

Accordingly, it is now **ORDERED:**

Defendants Anytime Rentals, Inc. and Kevin Dubberly's Motion to Compel Arbitration and Stay Proceedings Pending Arbitration (Doc. #14) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of November, 2014.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[2] On November 26, 2014, Defendants filed an Amended Motion to Compel Arbitration and Stay of Proceedings Pending Arbitration (Doc. #20).  Although Defendants' substantive arguments in favor of compelling arbitration and staying this case remain the same, Defendants have attached, for the first time, (1) an executed copy of the parties' Independent Contractor Service Company Agreement that contains an arbitration clause, and (2) Defendants' demand for arbitration letter dated October 15, 2014.  (Doc. #20 at 4-18).  Plaintiff has fourteen (14) days from November 26, 2014, to respond accordingly.