UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEREMIAH ROBINSON,

    Plaintiff,

v.                                      Case No: 2:14-cv-528-FtM-38CM

ANYTIME RENTALS, INC., and
KEVIN DUBBERLY,

    Defendants.
_____/

## ORDER[1]

This matter is before the Court on Defendants Anytime Rentals, Inc. and Kevin Dubberly's Amended Motion to Compel Arbitration and Stay Proceedings Pending Arbitration (Doc. #20) filed on November 26, 2014. Plaintiff Jeremiah Robinson filed an untimely Response to Defendants' Motion to Compel Arbitration (Doc. #22), which the Court will strike from the docket. This motion is ripe for review.

## BACKGROUND

The following facts are not in dispute. On February 12, 2013, Defendants hired Plaintiff as an independent contractor, and the parties executed an Independent Contractor-Service Company Agreement (the "Agreement"). (Doc. #20 at 6-18). Per the Agreement, the parties agreed to settle any controversy or claim regarding the Agreement

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

through binding arbitration.  (Doc. #20 at 11).  The Agreement reads, in pertinent part, that

> [Plaintiff] and [Defendants] will try to resolve among themselves any controversy or claim which arise out of, or relates to this Agreement, or the alleged breach of this Agreement.  If the parties cannot settle the matter themselves, within thirty (30) days of the date the controversy first arose, they agree that the matter will be settled by binding arbitration. . . .
>
> The arbitrator's decision shall be final and binding on the parties hereto.

(Doc. #20 at 11).

Plaintiff worked for Defendants until they fired him in or around March 2014.  (Doc. #1 at ¶ 23).  After the firing, Plaintiff commenced this action for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA").  (Doc. #1).  According to Plaintiff, Defendants misclassified him as an independent contractor and unlawfully denied him overtime wages.  (Doc. #1).  In response to the Complaint, Defendants move to compel arbitration under the Agreement and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq.[2]  (Doc. #20 at 1-2).

## DISCUSSION

"The FAA reflects the fundamental principle that arbitration is a matter of contract." Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 67 (2010).  Section 2 of the FAA states that

> [a] writing provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid,

---

[2] On October 15, 2014, Defendants filed Motion to Compel Arbitration and Stay of Proceedings Pending Arbitration (Doc. #14).  Since Defendants failed to attach the Agreement, the Court denied without prejudice that motion.  (Doc. #21).

>      irrevocable, and enforceable, save upon such grounds as
> exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2; see also Wash v. Mac Acquisition of Delaware, LLC, No. 6:14-CV-1424, 2014 WL 5173504, at *2 (M.D. Fla. Oct. 14, 2014) (stating the FAA "is the substantive law controlling the validity and enforcement of arbitration agreements" (citation omitted)). "The FAA thereby places arbitration agreements on an equal footing with other contracts, . . . and requires courts to enforce them according to their terms, . . ." Rent-A-Center, 561 U.S. at 67 (internal citations omitted); see also Am. Express Co. v. Italian Colors Rest., 133 S. Ct. 2304, 2309 (2013).  The Supreme Court's precedent establishes a "healthy regard for the federal policy favoring arbitration," resolving any doubts as to the scope of arbitrable issues in favor of arbitration.  Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24-25 (1983).

Under the FAA, any party aggrieved by the failure or refusal of another to arbitrate under a written agreement may petition the court to direct arbitration.  See 9 U.S.C. § 4. When deciding a motion to compel arbitration, the court considers three factors: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived.  See Florida Farm Bureau Ins. Cos. v. Pulte Home Corp., Inc., No. 8:04-cv-2357-T-EAJ, 2005 WL 1345779, at *3 (M.D. Fla. June 6, 2005).  State law governs whether an arbitration agreement is enforceable. See Delano v. Mastec, Inc., No. 8:10-cv-320, 2010 WL 4809081, at *2 (M.D. Fla. Nov. 18, 2010) (citation omitted); Shotts v. OP Winter Haven, Inc., 80 So.3d 456, 464 (Fla. 2011) (citation omitted).  Here, Florida law applies.  (Doc. #20 at 6).

Upon review of the Agreement and in light of the relevant law, the Court compels arbitration.  Since Plaintiff does not dispute the making, content, validity, or enforceability

3

of the Agreement, the Court finds the parties entered a valid arbitration agreement.  See [Sammons v. Sonic–N. Cadillac, Inc., No. 6:07-cv-277, 2007 WL 2298032, at *4 (M.D. Fla. Aug. 7, 2007)](#) ("The Eleventh Circuit has implicitly approved arbitration of FLSA claims." (citations omitted).  Additionally, the Agreement governs the parties' working relationship and provides for the binding arbitration of "any controversy or claim which arises out of, or relates to th[e] Agreement."  ([Doc. #20 at 6](#), 11).  Consequently, Plaintiff's FLSA claim falls within the scope of the Agreement's arbitration provision.  Finally, Defendant has not waived its right to compel arbitration.  The Court, therefore, finds the parties entered into a valid, enforceable arbitration agreement that covers the dispute in this case.

Accordingly, it is now

**ORDERED:**

(1) Defendants Anytime Rentals, Inc. and Kevin Dubberly's Amended Motion to Compel Arbitration and Stay Proceedings Pending Arbitration ([Doc. #20](#)) is **GRANTED**.  The parties shall proceed to arbitration pursuant to the respective terms of the Independent Contractor-Service Company Agreement ([Doc. #20 at 6-18](#)).

(2) All proceedings in this case are **STAYED** until the notification by the parties that arbitration has been completed and the stay is due to be lifted, or the case is due to be dismissed.

(3) The parties are **DIRECTED** to file a joint written status report regarding the status of the arbitration on or before **March 16, 2015**, and every ninety (90) days until the conclusion of the arbitration proceedings.

(4) The parties are **DIRECTED** to notify the Court in writing within **seven (7) days** of the conclusion of the arbitration proceedings.

(5) The Clerk of Court is **DIRECTED** to add a stay flag on the docket.

(6) The Clerk of Court is **DIRECTED** to strike Plaintiff's untimely Response to Defendants' Motion to Compel Arbitration (Doc. #22).

**DONE** and **ORDERED** in Fort Myers, Florida this 16th day of December, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record