UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEREMIAH ROBINSON,

      Plaintiff,

v.                              Case No:  2:14-cv-528-FtM-38CM

ANYTIME RENTALS, INC. and
KEVIN DUBBERLY,

      Defendants.

_____

## REPORT AND RECOMMENDATION[1]

Before the Court is Defendants' Amended Motion to Compel Arbitration and Stay of Proceedings Pending Arbitration ("Motion") (Doc. 20), filed on November 26, 2014.   Plaintiff filed a Response to Defendants' Motion to Compel Arbitration on December 15, 2014 ("Response") (Doc. 22), and with leave of Court Defendant filed a Reply Brief in Support of its Motion to Compel Arbitration on January 9, 2015 ("Reply") (Doc. 27).   The Motion therefore is ripe for review.

### I.    Background

Plaintiff Jeremiah Robinson brought this action against Defendants Anytime Rentals, Inc. and Kevin Dubberly for unpaid overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*   Doc. 1.   Specifically, Plaintiff contends that he worked as an hourly-paid "helper" or laborer for Defendant Anytime

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Rentals, Inc., a moving company, and its owner and operator, Kevin Dubberly, and that Plaintiff regularly worked in excess of forty hours per week but was not paid overtime wages.   *Id.* at 3, 6-7.

Defendants seek an order compelling Plaintiff to arbitrate this dispute pursuant to an Independent Contractor Service Company Agreement ("Agreement") signed by the parties that contains a mandatory arbitration provision.   Doc. 20 at 6-18.   Plaintiff disputes that this matter is subject to arbitration, arguing that his claims are outside the scope of the arbitration provision and that the arbitration provision is both procedurally and substantively unconscionable.

The arbitration provision at issue provides, in pertinent part:

> Independent Contractor and Service Company will try to resolve among themselves any controversy or claim which arises out of, or relates to this Agreement, or the alleged breach of this Agreement.   If the parties cannot settle the matter themselves, within thirty (30) days of the date the controversy first arose, they agree that the matter will be settled by binding arbitration.

Doc. 20 at 11.   The Agreement further states:

> This Agreement is the entire contract between the parties and there are no promises, representations or warranties that were made and entered into, either oral or written, by either party, which are not contained herein.

*Id.* at 12.   The Agreement also contains a severability provision, which states:

> Should any provisions of this Agreement be held to be invalid or otherwise unenforceable, the invalidity or unenforceability of such provision shall not affect the validity or binding force and effect of the remaining portions of this Agreement.

*Id.* at 13.   The Agreement was entered into in Florida and is governed by Florida law.   *Id.* at 6.

The burden is on Plaintiff as the party resisting arbitration to prove unconscionability and that the claims at issue are unsuitable for arbitration.   *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91-92 (2000); *Dorward v. Macy's Inc.*, No. 2:10-cv-669-FtM-29DNF, 2011 WL 2893118, at *4 (M.D. Fla. July 20, 2011). Because Plaintiff has failed to meet this burden, and because Plaintiff entered into a valid arbitration agreement that encompasses his claims in this case, the Court respectfully recommends that the Motion be granted, and the case be stayed during the pendency of the arbitration.

## II.   Analysis

In ruling on a motion to compel arbitration, courts consider three factors: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived.   *Florida Farm Bureau Ins. Cos. v. Pulte Home Corp., Inc.*, No. 8:04-cv-2357-T-EAJ, 2005 WL 1345779, at *3 (M.D. Fla. June 6, 2005).   Thus, the Court must examine whether a valid agreement to arbitrate exists here and, if so, whether the particular dispute at issue – the payment of overtime compensation – was intended to be subject to arbitration, before addressing whether either party has waived arbitration.

### a.   *Whether a valid agreement to arbitrate the dispute exists*

Plaintiff argues that the arbitration provision in the Agreement is invalid and unenforceable because it is unconscionable.   The Federal Arbitration Act ("FAA"), 9

U.S.C. § 1 *et seq.*, permits a challenge to the validity of an arbitration provision based on a state law contract defense, such as unconscionability. *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). Whether an arbitration provision is unconscionable is a question of state law and therefore the provision is interpreted according to state law rules of contract construction. *Dale v. Comcast Corp.*, 498 F.3d 1216, 1219 (11th Cir. 2007). Florida law recognizes both procedural and substantive unconscionability; the party seeking to void the arbitration provision bears the burden of establishing both, but they need not be present to the same degree. *Basulto v. Hialeah Auto.*, 141 So. 3d 1145, 1158-59 (Fla. Mar. 20, 2014); *Dorward*, 2011 WL 2893118, at *4 (citing *Murphy v. Courtesy Ford L.L.C.*, 944 So.2d 1131, 1134 (Fla. 3d DCA 2006)). When determining whether a contract is both procedurally and substantively unconscionable, the Court must look to the contract itself and any facts surrounding its making. *Murphy*, 944 So.2d at 1134. Based on the circumstances of this case, the Court finds that Plaintiff has failed to demonstrate that the arbitration provision is unconscionable and therefore void.

i. Procedural unconscionability

Courts must consider the following four factors in determining whether a contract is procedurally unconscionable under Florida law:

> (1) the manner in which the contract was entered into; (2) the relative bargaining power of the parties and whether the complaining party had a meaningful choice at the time the contract was entered into; (3) whether the terms were merely presented in a "take-it-or-leave-it" basis; and (4) the complaining party's ability and opportunity to understand the disputed terms of the contract.

*Dorward*, 2011 WL 2893118, at *5 (citing *Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1135 (11th Cir. 2010)).

First, the manner in which the arbitration provision was entered into does not suggest a finding of procedural unconscionability.   Plaintiff has not alleged that he was unduly pressured or harassed to enter into the Agreement.   Second, there is no evidence that Plaintiff did not have a meaningful choice at the time he signed the Agreement.   Third, the Agreement was not one that Plaintiff had to enter into or suffer adverse consequences; he was free to seek work elsewhere that offered an independent contractor agreement that was more to his liking.

Finally, there is no evidence that Plaintiff did not have the ability and opportunity to understand the disputed terms of the Agreement.   The arbitration provision was presented in plain, readily-understandable language and, by signing his name to the end of the Agreement, Plaintiff acknowledged that he "read, understand[s] and approve[s] each of the foregoing paragraphs."   Doc. 20 at 13. Moreover, there is no evidence that Plaintiff was deprived of the opportunity to read the Agreement, including the arbitration provision.

Moreover, in addition to signing the Agreement, Plaintiff signed an Independent Contractor Affidavit, which features prominently at the top of the document the following:

> Florida Statute 440.10(1)(t), prescribes a penalty where an employer misclassifies an Employee, as an independent contractor, and willfully fails to secure the payment of workers' compensation.   Florida Statu[t]e 440.02(d), an independent contractor, is defined as:

Doc. 20 at 18.   The page then lists twelve subsections that further describe what constitutes an independent contractor under Florida law.   *Id.*   Underneath the complete definition, on the same page, Plaintiff wrote: "I, <u>Jeremiah Robinson</u>, as an independent contractor, met all of the above criteria."   *Id.*   Plaintiff then indicated that he did not carry workers' compensation insurance, but agreed to waive coverage, and signed and dated on lines for the "signature of independent contractor."   *Id.* The document also includes the signature of a witness.   *Id.*

Plaintiff thus has failed to show that the arbitration provision is procedurally unconscionable, which precludes a finding of unconscionability and therefore a finding that the provision is unenforceable.   *Golden v. Mobil Oil Corp.*, 882 F.2d 490, 493-94 (11th Cir. 1989) ("Both procedural unconscionability and substantive unconscionability must exist before the provision is unenforceable.").   Even assuming that Plaintiff could establish procedural unconscionability, which the Court already has determined that he has not, he must also still show that the Agreement is substantively unconscionable.

## ii.   Substantive unconscionability

Substantive unconscionability focuses on the agreement itself and whether the terms of the agreement are unreasonable and unfair.   *Powertel, Inc. v. Bexeley*, 743 So.2d 570, 574 (Fla. 1st DCA 1999).   "Substantive unconscionability … requires assessment of the contract's terms to determine whether they are so outrageously unfair as to shock the judicial conscience."   *FI-Tampa, LLC v. Kelly-Hall*, 135 So.3d 563, 567 (Fla. 2d DCA 2014) (quotation marks omitted).   To determine substantive

unconscionability, courts consider "whether the disputed terms limit available remedies, exclude punitive damages, prevent equitable relief, impose substantial costs, or lack mutuality of obligation with respect to the arbitration of disputes." *EEOC v. Taco Bell of Am., Inc.*, No. 8:06-cv-1792-T-30MAP, 2007 WL 809660, at *1 (M.D. Fla. Mar. 15, 2007) (citing *Palm Beach Motor Cars Ltd., Inc. v. Jeffries*, 885 So.2d 990, 992 (Fla. 4th DCA 2004)).   Here, the terms of the arbitration provision in the Agreement are not so outrageously unfair as to shock the conscience, and none of the other factors are present to such a degree that supports a finding of substantive unconscionability, with one possible exception.

Plaintiff argues that the one-way fee shifting clause in the Agreement contradicts the FLSA and therefore renders the arbitration provision unenforceable. Doc. 22 at 7-8.   Other federal courts have found similar provisions requiring the plaintiff to cover his own attorney's fees even if he ultimately were to prevail to be unenforceable as applied to FLSA claims, as such provisions are inconsistent with the purpose underlying the statutory claim.   *See, e.g.*, *Schatt v. Aventura Limousine & Transportation Service, Inc.*, No. 10-22353-Civ., 2010 WL 4942654, at *3 (S.D. Fla. Nov. 30, 2010) ("It is clear that Plaintiff cannot be found to have waived his right to recover his attorney's fees.   Thus, the provision regarding attorney's fees is unenforceable as applied to this FLSA proceeding.") (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)).   However, where, as here, the relevant contract includes a severability provision, the remainder of the agreement will be unaffected.   *Schatt,* 2010 WL 4942654, at * 3 (quoting *Paladino v.*

*Avnet Computer Techs., Inc.*, 134 F.3d 1054, 1059 (11th Cir. 1998)). Accordingly, the Court finds that the Agreement as a whole is not substantively unconscionable.

> b. *Whether Plaintiff's FLSA claims fall within the arbitration provision*

Now that the Court has determined there is a valid agreement to arbitrate, it must determine whether the claims raised by Plaintiff are within the scope of the arbitration provision. *Florida Farm Bureau Ins. Cos.*, 2005 WL 1345779, at \*3.

Defendants assert that Plaintiff's FLSA claims arise out of, and are related to, the contract, and therefore fall within the arbitration provision of the Agreement, because Plaintiff contends that Defendants' failure to pay him the requisite overtime wages for any hours worked in excess of forty per week is due to improperly characterizing him as an independent contractor. Doc. 1. Defendant thus contends that, "[b]ecause the claims are based on work performed in connection with the contract, there can be no genuine dispute that the claims arise out of or relate to the contract," and thus must be submitted to arbitration. Doc. 20 at 2. Plaintiff, in turn, argues that Defendants violated the FLSA, not the Agreement, and because claims brought under the FLSA are not mentioned in the agreement he did not specifically agree to arbitrate federal labor law claims, and they therefore are outside the scope of the arbitration provision. Doc. 22 at 3. Plaintiff further alleges that there is no meaningful connection between his claims and the terms, conditions, or subject matter of the Agreement, and his lawsuit concerns Defendants' duties under the FLSA, not the Agreement. The Court agrees with Defendants and finds that the scope of the arbitration provision covers Plaintiff's claims.

The Eleventh Circuit is governed by "a 'liberal federal policy favoring arbitration agreements,' such that 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'"   *Wiand v. Schniederman*, --- F.3d ----, 2015 WL 525694, at *3 (11th Cir. Feb. 10, 2015) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)).   When deciding whether the parties have agreed to arbitrate certain matters, courts apply state-law principles of contract formation.   *Am. Exp. Fin. Advisors, Inc. v. Makarewicz*, 122 F.3d 936, 940 (11th Cir. 1997).   As noted, Florida law applies here, because the contract was formed in the state of Florida and states it is governed by Florida law.   The Florida Supreme Court recently explained that a "significant relationship" exists between a claim and an arbitration provision where there is a "contractual nexus" between the claim and the contract.   *Jackson v. Shakespeare Found., Inc.*, 108 So.3d 587, 593 (Fla. 2013).   A "contractual nexus," in turn, exists "if the claim presents circumstances in which the resolution of the disputed issue requires either reference to, or construction of, a portion of the contract."   *Id.*; *see also Seifert v. U.S. Home Corp.*, 750 So.2d 633, 638 (Fla. 1999).   The failure of the relevant contract to expressly mention the particular dispute at issue does not preclude finding that the claims at issue are encompassed by that agreement.   *Lambert v. Austin Ind.*, 544 F.3d 1192, 1198 (11th Cir. 2008).   Instead, "[t]he FAA creates a presumption in favor of arbitrability; so, parties must clearly express their intent to exclude categories of claims from their arbitration agreement."   *Paladino*, 134 F.3d at 1057.

In this case, in order to perform work for Defendants, Plaintiff entered into the Agreement, which not only sets forth descriptions of the work Plaintiff was to perform, the scope of the parties' contractual relationship and the particular terms as to how Plaintiff would be compensated,[2] but also includes a mandatory arbitration provision.   Plaintiff's contention that he is owed overtime compensation pursuant to the FLSA hangs on the fact that he was "mischaracterized" as an independent contractor and thus not paid in accordance with applicable law; it therefore cannot be said that Plaintiff's FLSA claims do not "arise out of" or are not "related to" the Independent Contractor Agreement.   Moreover, the parties have not expressly excluded disputes pursuant to the FLSA, or even labor disputes generally, from those subject to the mandatory arbitration provision, so the presumption in favor of arbitration applies.   *Paladino*, 134 F.3d at 1057.

Plaintiff cites *Patricoff v. Home Team Pest Defense, LLC*, Nos. 6:05-cv-1769-Orl-31KRS, 6:05-cv-1770-Orl-31KRS, 2006 WL 890094 (M.D. Fla. Apr. 3, 2006), to support his contention that a failure to expressly identify FLSA claims as among those subject to mandatory arbitration necessitates a finding that the Agreement did not intend for those claims to be arbitrated.   Doc. 22 at 4.   The court in *Patricoff*, however, explained that the relevant agreement's failure to address FLSA claims, despite specifically addressing and including other types of labor and employment claims, led to its conclusion that FLSA claims were outside the scope of the parties' agreement.   2006 WL 890094, at *1.   By contrast, the mandatory arbitration

---

[2] *See* "Commission Schedule," Doc. 20 at 14, 26-17.

provision in the Agreement here covers "any controversy or claim" that either "arises out of" or "relates to" the Agreement.   Doc. 20 at 11.   Thus, Plaintiff's reliance on *Patricoff* is unavailing, and the Court finds that Plaintiff's FLSA claims are subject to arbitration.

This interpretation is consistent with Eleventh Circuit precedent explaining that if an arbitration provision is intended to have broad applicability, then such provision should use broad language like that found in the arbitration provision at issue in this case.   *See Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1218 (11th Cir. 2011) ("If the cruise line had wanted a broader arbitration provision, it should have left the scope of it at 'any and all disputes, claims, or controversies whatsoever' instead of including the limitation that narrowed the scope to only those disputes, claims, or controversies 'relating to or in any way arising out of or connected with the Crew Agreement, these terms, or services performed for the Company.'").   Moreover, courts in this district have expressly found that, in accordance with Eleventh Circuit precedent, arbitration agreements using language like that at issue here "should be interpreted to cover FLSA claims."   *Sammons v. Sonic-North Cadillac, Inc.*, No. 6:07-cv-277-Orl-19DAB, 2007 WL 2298032, at *3 (M.D. Fla. Aug. 7, 2007); *see also id.* at *4 (noting that "[t]he Eleventh Circuit has implicitly approved arbitration of FLSA claims," and gathering cases).

A case from the Southern District of Florida, although not binding, is particularly instructive.   In *Schatt v. Aventura Limousine & Transportation Service, Inc.*, the plaintiff, who had entered into an independent contractor with the

defendant, brought claims for recovery of unpaid overtime compensation pursuant to the FLSA.   2010 WL 4942654.   The defendant in *Schatt* sought to compel the plaintiff to submit his FLSA claims to arbitration based upon an arbitration provision in an Independent Contractor Application and Agreement.   *Id.* at *1.

The plaintiff in *Schatt*, as here, opposed arbitration, and based his FLSA claims upon his contention that he was improperly characterized as an independent contractor, when actually he was an employee entitled to protection under the FLSA. *Id.* at *4.   The court noted that the compensation to which the plaintiff claimed he was entitled was governed by the independent contractor agreement, as it is here, and therefore determined "[i]t is evident that there is a sufficient nexus between the FLSA claims and the Agreement containing the arbitration clause.   Arbitrable issues consequently exist.   Accordingly, the stay of litigation is mandatory."   *Id.* (citing *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987)).   For the same reasons the FLSA overtime claims in *Shatt* were ultimately determined to be arbitrable, so too are those at issue here.

### c.   Whether a party has waived arbitration

Defendants expressly state that they have not waived arbitration.   Doc. 20 at 2.   Plaintiff does not allege that Defendants have waived arbitration, and upon review the Court does not find evidence of a waiver.   Accordingly, no party has waived their right to submit this matter to binding arbitration.

III.    Conclusion

Upon review of the Agreement, the Court finds that it is not unconscionable, with the exception of the provision requiring Plaintiff to bear his own costs and attorney's fees even if he prevails.   The remainder of the Agreement, however, is valid and enforceable.   The Agreement clearly evidences an intent to cover all claims arising out of the Agreement, including FLSA claims.   Plaintiff, as the party resisting arbitration, bears the burden of showing that the agreement does not cover the claims at issue.   *Green Tree*, 531 U.S. at 91-92.   He has not met that burden here.

Accordingly, it is respectfully **RECOMMENDED:**

1.      That Defendants' Amended Motion to Compel Arbitration and Stay of Proceedings Pending Arbitration (Doc. 20) be **GRANTED** and Plaintiff's claims submitted to arbitration and the case stayed pursuant to 9 U.S.C. § 3;

2.      That the case be **STAYED** pending notification by the parties that they have completed the arbitration process and the stay is due to be lifted or the case is due to be dismissed; and

3.      That the parties be ordered to file a joint status report with the Court every 90 days, or as the Court so orders, until the matter is resolved.

**DONE** and **ENTERED** in Fort Myers, Florida on this 20th day of February, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record