UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEREMIAH ROBINSON,

      Plaintiff,

v.                                                              Case No:  2:14-cv-528-FtM-38CM

ANYTIME RENTALS, INC., and
KEVIN DUBBERLY,

      Defendants.

_____/

## ORDER[1]

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Carol Mirando (Doc. #28) issued on February 20, 2015.  Judge Mirando recommends granting Defendants Anytime Rentals, Inc. and Kevin Dubberly's Amended Motion to Compel Arbitration and Stay of Proceedings Pending Arbitration (Doc. #20).  Plaintiff Jeremiah Robinson objects to the Report and Recommendation (Doc. #29), to which Defendants have responded (Doc. #30).  Thus, this matter is ripe for review.

## BACKGROUND

Defendant Kevin Dubberly owns and operates Defendant Anytime Rentals, Inc., a moving company.  (Doc. #1 at ¶¶ 5, 16).  Sometime in January 2013, Defendants hired

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Plaintiff as an independent contractor to clean trucks, load and unload furniture, and perform other manual labor.  (*Id.* at ¶¶ 8, 18-19).

On February 12, 2013, the parties executed an Independent Contractor-Service Company Agreement (the "Agreement").  (Doc. #20 at 6-18).  Pertinent here, the Agreement contains a mandatory arbitration provision in which the parties consented "to resolve among themselves any controversy or claim which arises out of, or relate to th[e] Agreement, or the alleged breach of th[e] Agreement."  (*Id.* at 11).  If unsuccessful, the parties agreed to attend binding arbitration within "thirty (30) days of the date the controversy first arose."  (*Id.*).  The Agreement is fully integrated, and further provides that if any provision is found to be invalid or unenforceable, "the invalidity or unenforceability of such provision shall not affect the validity or binding force and effect of the remaining portions[.]"  (*Id.* at 13).

Plaintiff alleges that Defendants fired him for unknown reasons in March 2014.  (Doc. #1 at ¶ 23).  He thereafter initiated this action for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.  (Doc. #1).  According to Plaintiff, Defendants misclassified him as an independent contractor and unlawfully denied him overtime wages for the hours he worked in excess of forty hours per workweek.  (*Id.* at ¶¶ 3, 38-39, 46-52).

Defendants have responded by moving to compel arbitration and stay the case.  (Doc. #20 at 1-2).  Plaintiff opposes arbitration, arguing that his overtime claim is outside the scope of the Agreement's arbitration provision and that the provision is procedurally and substantively unconscionable.  (Doc. #22).  The undersigned referred Defendants' motion to compel arbitration (Doc. #20) to Judge Mirando for a report and

recommendation.   Judge Mirando recommends granting Defendants' motion because Plaintiff has failed to prove the Agreement was unconscionable and that the FLSA claims are unsuitable for arbitration.   (Doc. #28 at 3).

## STANDARD OF REVIEW

The district court "may accept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  The court must make a *de novo* determination of any disputed portions of the magistrate judge's report or recommendation. *Id.*; *see also United States v. Powell,* 628 F.3d 1254, 1256 (11th Cir. 2010).  If no specific objections to findings of fact are filed, the district court is not required to conduct a *de novo* review of those findings.  *See Garvey v. Vaughn,* 993 F.2d 776, 779 n.9 (11th Cir. 1993) (citations omitted).   However, the district court reviews legal conclusions *de novo* even in the absence of objections.  *See Cooper-Houston v. Southern Ry. Co.,* 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

### A.  Legal Standard

Under the Federal Arbitration Act ("FAA"), a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  If a district court determines that an arbitration agreement involves interstate commerce and thus falls under the FAA, its only role is to determine (1) if a valid arbitration agreement exists, and (2) whether the scope of the parties' dispute falls within that agreement.  *See* 9 U.S.C. § 4.

The FAA represents the "liberal federal policy favoring arbitration agreements," and "any doubts concerning the scope or arbitrable issues should be resolved in favor of

arbitration[.]" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). "[O]nce [the district court] is satisfied that an agreement for arbitration has been made and has not been honored," and the dispute falls within the scope of the agreement, the court must order arbitration. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 400 (1967); *see also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 925-26 (1985) (stating the "preeminent concern of Congress in passing the [FAA] was to enforce private agreements into which parties had entered, a concern which requires that [courts] rigorously enforce agreements to arbitrate" (internal quotations omitted)); *John B. Goodman Ltd. P'ship v. THF Const., Inc.*, 321 F.3d 1094, 1095 (11th Cir. 2003) ("Under the FAA, 9 U.S.C. § 1 *et seq.*, a district court must grant a motion to compel arbitration if it is satisfied that the parties actually agreed to arbitrate the dispute.").

Although the rules favoring arbitration clauses are liberal, it should not be lost that these agreements are in fact contracts that also fall under the rubric of general contract law. *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010) ("The FAA reflects the fundamental principle that arbitration is a matter of contract."). The "FAA thereby places arbitration agreements on equal footing with other contract … and requires courts to enforce them according to their terms[.]" *Id.* (citations omitted). It follows then, that "courts are not to twist the language of the contract to achieve a result which is favored by federal policy but contrary to the intent of the parties." *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1214 (11th Cir. 2011) (citation omitted). Simply put, courts may not require parties to arbitrate where they have not agreed to do so. *See id.* (citations omitted). State law is also relevant in this equation, as state contract principles govern the enforceability of an arbitration agreement. *See Delano v. Mastec, Inc.*, No. 8:10-cv-

320-T-27-MAP, 2010 WL 4809081, at *2 (M.D. Fla. Nov. 18, 2010) (citation omitted).

Here, it is undisputed that Florida law governs the Agreement.

Any party aggrieved by the failure of another to arbitrate under a written agreement may file a motion to compel arbitration with a district court. *See* 9 U.S.C. § 4. When deciding a motion to compel arbitration, a district court considers three factors: "(1) whether a valid written agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitration has been waived." *Zahm v. OneWest Bank, N.A.*, No. 8:15-cv-765-T-30TBM, 2015 WL 2095644, at *1 (M.D. Fla. May 5, 2015) (citing *Cuningham Hamilton Quiter, P.A.*, 776 So. 2d 940, 942 (Fla. 3d DCA 2000)). The party opposing arbitration bears the burden of proving that arbitration is improper. *See Geter v. Galardi S. Enters., Inc.*, 14-21896-CIV, 2015 WL 1268276, at *1 (S.D. Fla. Mar. 19, 2015); *Dorward v. Macy's Inc.*, No. 2:10-cv-669, 2011 WL 2893118, at *4 (M.D. Fla. July 20, 2011). Except for a few select provisions, the parties in this case agree that the Agreement is valid and enforceable and that there is no waiver. However, they square off over whether Plaintiff's FLSA claim falls within the scope of the Agreement's arbitration provision.

## B. Analysis

As stated, the Report and Recommendation recommends granting Defendants' motion to compel arbitration. (Doc. #28 at 3). Plaintiff objects, arguing that the Agreement does not encompass the FLSA dispute at issue here. (Doc. #29 at 4-7). If unsuccessful on those grounds, Plaintiff alternatively argues that the Court cannot remand this case to arbitration without striking the one-way fee shifting provision and the 30-day arbitration timeframe in the Agreement. (*Id.* at 7-12). Defendants agree with Judge Mirando's

finding that the Agreement covers this FLSA dispute.  (Doc. #30 at 1-2).  However, they concede that the one-way fee shifting provision and 30-day arbitration timeframe are unenforceable and should be severed from the Agreement, with the remaining clauses unaffected.  (*Id.* at 2-4).  Against this backdrop, the Court will discuss the disputed portions of the Report and Recommendation in turn.

      1.  <u>Scope of Agreement's Arbitration Provision</u>

The thrust of Plaintiff's objection, and the critical question before the Court, is whether his FLSA claim falls outside the scope of the Agreement's arbitration provision. According to Plaintiff, he never specifically agreed to arbitrate claims relating to improper overtime payment under the FLSA or other claims requiring "employee" status as a prerequisite.  (Doc. #29 at 2, 4).  He emphasizes that he only agreed to arbitrate "any controversy or claim which arises out of or relates to **this agreement**, or the alleged breach of **this agreement**."  (*Id.* at 4-5 (emphasis in original)).  To further this point, Plaintiff explains that he is claiming that Defendants violated the FLSA – not the Agreement – and because federal wage and hour claims are not mentioned as arbitrable in the Agreement, he did not agree to arbitrate FLSA claims.  (*Id.* at 5).  Consequently, he concludes that his FLSA claim exists independent of the Agreement.  (*Id.*).

Although attractive at first blush, Plaintiff's argument is unpersuasive.  In the Complaint, Plaintiff maintains, "Defendant has violated the FLSA by misclassifying [him] as an 'independent contractor' and refusing to pay him time and one-half for overtime." (Doc. #1 at ¶ 3).  It is well settled that the FLSA only covers an "employee," as the statute defines that term, and not an independent contractor.  *See Scantland v. Jeffry Knight, Inc., 721 F.3d 1308, 1311 (11th Cir. 2013)* (stating independent contractors are not

included in the FLSA's definition of "employee").  Plaintiff's claim, therefore, hinges on a finding that he was an employee of Defendant, and misclassified as an independent contractor.  The Agreement is central to that finding.  The Agreement, as it currently stands, memorializes Plaintiff and Defendants' working relationship as that of an independent contractor, and not an employee-employer.  (Doc. #20 at 6-13).  It states, in relevant part, that

> [t]he parties intend to create by this agreement the relationship of Service Company and Independent Contract and not that of an Employer/Employee.  It is the intent of the parties when performing service under this Agreement that at no time shall a master/servant and/or employer/employee relationship be created or arise between the parties or between Service Company and Independent Contractor as a result of this Agreement or the transportation performed hereunder.

(*Id.* at 7).  In arguing that Defendant unlawfully failed to pay him overtime wages, Plaintiff unmistakably challenges the validity of the Agreement.  Thus, it cannot reasonably be said that his FLSA claim does not "arises out of" or does not "relates to th[e] Agreement." (*Id.* at 11).

Moreover, Plaintiff attempts to blur the established point that the FLSA does not cover independent contractors by arguing that his overtime claim would exist independent of the agreement.  (Doc. #29 at 5).  This argument is a red herring.  Claims can often exist independent of the parties' bargain, but, when a contract governs the parties' employment relationship, as is the case here, a claim for unpaid wages clearly relates to the underlying Agreement.

In arguing that he signed the Agreement to arbitrate disputes about that Agreement or breach thereof, and not wage claims under the FLSA, Plaintiff relies on the Eleventh Circuit's decision in *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204 (11th Cir. 2011).

In *Doe*, an employee alleged that fellow ship crewmembers drugged and raped her, and that the employer refused to provide her medical treatment and destroyed evidence of the rape.  The employee sued, and the employer moved to compel arbitration.  The arbitration provision provided,

> the Company and crew member agree that any and all disputes, claims, or controversies whatsoever (whether in contract, regulatory, tort or otherwise and whether pre-existing, present or future and including constitutional, statutory, common law, admiralty, intentional tort and equitable claims) relating to or in any way arising out of or connected with the Crew Agreement, these terms, or services performed for the Company, including but not limited to wage and benefit matters, employment applications, wrongful termination or discrimination claims, property loss or damage, personal injury, death or any other claim, not matter how described, pleaded or styled … between the crew member and the Company or others, . . . shall be referred to and resolved exclusively by binding arbitration.

*Id.* at 1217-18.  The district court denied the motion to compel arbitration.

On appeal, the Eleventh Circuit found that some of the employee's claims arose directly from her status as "seaman," and thus fell within the scope of the arbitration agreement.  At the same time, however, the court found that her claims of intentional infliction of emotion distress, false imprisonment, spoliation of evidence, invasion of privacy, and fraudulent misrepresentation could have been brought even if the employee had been a passenger on the cruise ship, rather than an employee.  Thus, those claims were outside the arbitration agreement.  In reaching this conclusion, the Eleventh Circuit explained that the term "arising out of" is broad, but not all encompassing: "In construing that same term to determine whether a dispute arises out of a contract, we have explained that the focus in on 'whether the tort or breach in question was immediate, foreseeable result of the performance of contractual duties.'" *Id.* at 1218 (citations omitted).  "'Arising out of' requests the existence of some direct relationship between the dispute and the

performance of duties specified by the contract." *Id.* (citations omitted).  The Eleventh Circuit also explained that the term "'related to' marks a boundary by indicting direct relationship; otherwise the term would stretch to the horizon and beyond." *Id.* (citations omitted).

Upon review of the arbitration provision in this case, the Court finds *Doe* instructive, but for reasons other than what Plaintiff presents.  Plaintiff argues that Defendant could have used broad language to describe the scope of arbitrable claims, and specifically points to an excerpt of the arbitration provision in *Doe* – "any and all disputes claims and controversies whatsoever." (Doc. #29 at 5).  *Doe*'s arbitration provision is not as broad as Plaintiff represents, as it listed specific categories of arbitrable claims. *Doe, 657 F.3d at 1217-18*.  The arbitration provision here, however, is a quintessential broad arbitration clause.  In addition, after reviewing *Doe*'s definition of the term "arises out of," the Court finds that the factual allegations underlying this dispute more than touch matters covered by the Agreement.

In short, Plaintiff's FLSA claim arises directly from his classification as an independent contractor with Defendant, which, in turn, is governed by the Agreement. With this salient fact established, the Court has little trouble concluding that Plaintiff's claim, at the very least, "relate to" the Agreement.  As such, arbitration must be compelled.

2. Severability

Having concluded that Plaintiff's FLSA claim falls within the scope of the Agreement, the Court next discusses severing the one-way fee-shifting provision and the provision shortening the arbitration timeframe from the agreement.  Plaintiff disagrees with the Report and Recommendation's finding that the arbitration provision is not

procedurally unconscionable.  (Doc. #29 at 7)  However, he accepts that his disagreement does not warrant discussion provided the Court strikes the one-way fee-shifting provision and the provision shortening the arbitration timeframe.  (*Id.*).  Defendants concede the one-way fee shifting provision and 30-day timeframe are unenforceable and should be severed from the Agreement.  (Doc. #30 at 2-4).  In light of this, the Court will strike these two provisions with the remainder of the Agreement unaffected.

Accordingly, it is now

**ORDERED:**

(1) The Report and Recommendation of United States Magistrate Judge Carol Mirando (Doc. #28) is **ADOPTED and INCORPORATED** in accordance with the foregoing.

(2) Defendants Anytime Rentals, Inc. and Kevin Dubberly's Amended Motion to Compel Arbitration and Stay Proceedings Pending Arbitration (Doc. #20) is **GRANTED** with the restrictions outlined above.  The parties shall proceed to arbitration pursuant to the remaining terms of the Agreement.

(3) All proceedings in this case are **STAYED** until the parties notify the Court that arbitration has been completed and the stay is due to be lifted or the case is due to be dismissed.

(4) The parties are **DIRECTED** to file a joint written status report regarding the status of the arbitration on or before **October 13, 2015**, and every ninety (90) days until the conclusion of the arbitration proceedings.

(5) The parties are **DIRECTED** to notify the Court in writing within **seven (7) days** of the conclusion of the arbitration proceedings.

(6) The Clerk of Court is **DIRECTED** to place a stay flag on the docket.

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of July, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record