UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEREMIAH ROBINSON,

    Plaintiff,

v.                                                                  Case No: 2:14-cv-528-FtM-38CM

ANYTIME RENTALS, INC. and
KEVIN DUBBERLY,

    Defendants.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the Joint Motion for Approval of Settlement and Dismissal of Action with Prejudice and Incorporated Memorandum of Law (Doc. 37)[2] filed on March 29, 2016. The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA")

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  See 11th Cir. R. 3-1.  **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

claim for unpaid overtime wages. Docs. 1, 37. For the reasons set forth herein, the Court recommends that the settlement be **APPROVED**.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. Lynn's Food Store, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. Id. at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. Id. at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover overtime wages. Id. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. Id. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for overtime wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id. at 1354. "Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement. . . . If the

parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009). Nevertheless, the Court must scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Store, Inc.*, 679 F.2d at 1355. In order to do so, the parties must present enough information to the Court, such as

> describe the nature of the dispute (for example, a disagreement over coverage, exemption, or computation of hours worked or rate of pay) resolved by the compromise. Parties wishing to compromise a coverage or exemption issue must describe the employer's business and the type of work performed by the employee. The employer should articulate the reasons for disputing the employee's right to a minimum wage or overtime, and the employee must articulate the reasons justifying his entitlement to the disputed wages. If the parties dispute the computation of wages owed, the parties must provide each party's estimate of the number of hours worked and the applicable wage. In any circumstance, the district court must ensure the bona fides of the dispute; implementation of the FLSA is frustrated if an employer can extract a disproportionate discount on FLSA wages in exchange for an attenuated defense to payment.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241-42 (M.D. Fla. 2010).

In determining the reasonableness of a settlement, the Court may consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiffs' success on the merits: (5) the range of possible recovery; and (6) the opinions of the counsel. *See Dorismond v. Wyndham Vacation Ownership, Inc.*, 2014 WL 2861483, at *2 (M.D. Fla. June 24, 2014) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).

In this case, Plaintiff Jeremiah Robinson was employed by Defendants from January 2013 through March 2014 as a "helper" in Defendants' moving company. Doc. 1 at 3-4. Plaintiff worked on the road and his duties included loading and unloading furniture and cleaning trucks. Docs. 1. at 3, 37 at 6. Plaintiff alleged, at various weeks during his employment he worked in excess of forty hours per week, for which he was not compensated at a rate of one and one-half times his regular rate of pay. Doc. 1 at 5-7. Defendants responded by moving to compel arbitration and stay the case. Docs. 14, 20. On July 15, 2015, the Defendants' motion to compel arbitration was granted, and the case was stayed until conclusion of the arbitration proceeding. Doc. 31. With respect to liability, defendants denied that they violated the minimum and overtime wages under the FLSA. Doc. 37 at 4. Defendants also asserted that Plaintiff was subject to the FLSA motor carrier exemption and was an independent contractor. Id.

The parties state that they filed a complaint, counterclaim, answer, and various discovery requests in this matter and the subsequent arbitration. Doc. 37 at 6. They have reached a settlement agreement wherein Defendants will pay Plaintiff a total of $7,000.00. Doc. 37-1 at 2. This amount represents $3,500.00 for alleged unpaid compensation due and $3,500.00 as and for liquidated damages. Id. The parties state that each of them were independently represented by counsel who have "extensive experience in litigating claims under the FLSA." Doc. 37 at 5. The parties acknowledge that counsel are obligated to vigorously represent their clients and assert that counsel did so here. Id; See Helms v. Cent. Florida Reg'l Hosp., No.

605-CV383-ORL-22JGG, 2006 WL 3858491, at *4 (M.D. Fla. Dec. 26, 2006) (taking into account the parties' representation by counsel in evaluating fairness of an FLSA settlement and finding no suggestion of collusion where the parties stipulated that the settlement was fair and reasonable). The parties agree that there was a bona fide dispute with respect to Plaintiff's FLSA claim and that $7,000.00 is a "fair amount with respect to [Plaintiff's] disputed unpaid wages claim." Doc. 37 at 2, 4. Specifically, the parties continue to dispute whether Plaintiff was subject to the motor carrier exemption, was an independent contractor, and was otherwise already paid all compensation and minimum wages to which he was entitled. *Id.* at 4. Defendants denied having any knowledge of any unpaid work that Plaintiff performed. *Id.* at 6.

Plaintiff recognizes that his probability of success on the merits was uncertain, particularly if his claim was based solely on his testimony. *Id.* The motion states, "[g]iven the fact that Plaintiff worked out on the road, Plaintiff also considered his ability to prove knowledge by the Defendants of the alleged work performed off-the-clock, as is required under the case law governing FLSA claims." *Id.* (citing *Fletcher v. Universal Tech. Inst., Inc.*, No. 6:05CV585 ORL31DAB, 2006 WL 2297041 (M.D. Fla. June 15, 2006)). Plaintiff asserts that he "further considered the substantial amount of evidence that would be discoverable regarding his actual hours worked and possibly not worked." *Id.*

The parties state that there was sufficient investigation and exchange of information to allow counsel to act intelligently in this matter. *Id.* at 5. Moreover,

the parties wish to avoid further litigation that would force them to engage in a costly trial in order to prove their claims and defenses. *Id.* at 5. Additionally, Plaintiff desires a resolution and finality of this proceeding. *Id.* at 6. Plaintiff also desires the certainty that the agreement provides for him. *Id.*

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court finds the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements for a compromised amount in light of the stipulation of the parties, strength of the defenses, the complexity of the case, and the expense and length of continued litigation, as the parties have recognized here. *See e.g.*, *Diaz v. Mattress One, Inc.*, No. 6:10-CV-1302-ORL-22, 2011 WL 3167248, at *2 (M.D. Fla. July 15, 2011), *report and recommendation adopted*, No. 6:10-CV-1302-ORL-22, 2011 WL 3166211 (M.D. Fla. July 27, 2011); *see also Dorismond*, 2014 WL 2861483; *Helms*, 2006 WL 3858491.

As part of the settlement, Defendants further agree to pay Plaintiff's attorney's fees in the amount of $8,000. Doc. 37-1 at 3. The parties assert that the amount of attorneys' fees was negotiated separately from Plaintiff's recovery. Doc. 37 at 2, 6-7. The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti,* 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiffs. Doc. 37 at 2, 6-7. Thus, having reviewed the settlement agreement (Doc. 37-1), the Court finds the proposed monetary terms of the settlement to be a fair and reasonable compromise of the dispute.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

The Joint Motion for Approval of Settlement and Dismissal of Action with Prejudice and Incorporated Memorandum of Law (Doc. 37) be **GRANTED**.

**DONE** and **ENTERED** in Fort Myers, Florida on this 13th day of April, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record